Jane D. Smith, as Executrix of Lewis P. Smith, Jr., Deceased, Claimant, *v.* State of New York, Defendant. (Claim No. 31626.)

Court of Claims, September 23, 1953.

*Edward J. Spencer* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Harold S. Coyne* of counsel), for defendant.

Major, J. This is a motion for an order to take the testimony of certain State officials pertaining to the facts and circumstances concerning the claim herein filed against the State of New York, and for permission to examine books, records, plans and other matters and things set forth in the motion papers.

The claim herein was filed to recover damages for the negligence of the State of New York, its officers, agents and employees

in constructing and maintaining a faulty, defective, dangerous and unsafe highway, being Route 41, between Skaneateles and Cortland, New York; and for the negligence of the State in failing to erect and maintain proper and adequate traffic signals, signs, warnings and guard rails, all of which the claimant alleges resulted in causing the death of Lewis P. Smith, Jr., on July 28, 1951.

Upon the argument of this motion, the State offered no objection to the granting of the requests, with the exception of the following, viz.:

" 7. All facts and circumstances relating to any and all automobile accidents on the said portion of said highway prior and subsequent to July 28, 1951.

" 8. All facts and circumstances concerning studies or investigations made by or on behalf of the State of New York of traffic and highway conditions existing at the point or place of the said collision prior to or after July 28, 1951.

" 9. (h) * * * Further authorizing and permitting claimant through her attorneys to inspect and make copies of any and all books, papers, records, contracts, surveys, surveyor's notes and other documents of any type or nature produced upon such examination ".

As to paragraph " 7 " above, proof of subsequent accidents at the same place and under the same conditions is admissible to show the existence of a dangerous condition, instrumentality or place. (*Laitenberger* v. *State of New York,* 57 N. Y. S. 2d 418, 422.) Therefore, said request number " 7 " is granted.

The requests contained in paragraph " 8 " above are granted to July 28, 1951. Examination under said paragraph as to facts and circumstances after said date is denied. (*Di Laura* v. *State of New York,* 275 App. Div. 639.)

Since the argument of this motion, the attorneys have agreed to accept an order to the effect that all books, papers and records produced by the State upon such examination, may be used by claimant's attorneys for the purposes set forth in section 296 of the Civil Practice Act. This is approved, but the right to make copies of the same is denied at this time, for the reason that such request is too general. However, the right is given to the claimant to reapply for such relief concerning specific items.

The application also contained a request for permission to change the title of this claim, as a result of the marriage of the claimant herein. Permission is granted for the change of the title of this action from " Jane Durston Smith, As Executrix

of the Last Will and Testament of Lewis P. Smith, Jr., Deceased, Claimant, vs. State of New York " to " Jane Durston Groat, as Executrix of the Last Will and Testament of Lewis P. Smith, Jr., Deceased, Claimant, vs. State of New York."

Submit order accordingly.